_JjCARAWAY, J.
After it received notification by the lender of the insured’s non-payment under a premium finance agreement, the auto liability insurer claims to have properly canceled the insurance policy immediately pri- or to the accident which is the subject of this suit. Finding that the lender failed to comply with La. R.S. 9:3550 in seeking cancellation of the policy, we reverse the trial court’s summary judgment in favor of the insurer.

Facts and Procedural History

On June 30, 1995, Christopher Smith drove his van out of a private parking lot onto Louisville Street in Monroe, Louisiana and collided with a vehicle driven by Woodrow Bruce. The collision caused $3,033.04 in damage to Bruce’s vehicle. Safeway Insurance Company (“Safeway”), Bruce’s insurer, paid for the damage to Bruce’s truck, and subsequently Bruce and Safeway sued Smith and his alleged insurer, Mutual Service Casualty Insurance Company (“Mutual”). Mutual denied coverage contending that the insurance policy previously issued to Smith had been canceled prior to the accident.
On April 21, 1995, Mutual issued a six-month policy of automobile liability insurance to Smith for a total premium of $382. This premium was paid by Smith out of the proceeds of a premium finance loan which Smith obtained from Direct Financial Services (“Direct”). The finance agreement between Smith and Direct contained a power of attorney which allowed Direct, upon Smith’s default, to cancel Smith’s insurance and collect the unearned premium. Smith failed to pay the monthly loan installment as scheduled, and on May 16, 1995, Direct mailed a notice of cancellation to Smith and to Smith’s agent, Direct General Insurance Agency, advising Smith that if the installment was not paid prior to June 1, 1995, the insurance policy issued by Mutual would be canceled. On June 1, after Smith |2had not made payment on the loan, Direct mailed a request for cancellation of the policy to Mutual with a statement certifying compliance with La. R.S. 9:3550(G) (3). Mutual then canceled Smith’s policy and on June 17, 1995 mailed notice of the cancellation of the policy to Smith and Direct.
*731 In response to this suit, Mutual filed a motion for summary judgment on the issue of whether the insurance policy it issued to Smith on April 21, 1995 had been canceled by Mutual prior to the June 30 accident. The court granted Mutual’s motion, finding that Direct had followed the statutory requirements and Mutual’s cancellation of the policy was proper. Following a compromise consent judgment for $8033.04 on their claims against Smith, Safeway and Bruce brought this appeal to challenge the trial court’s ruling dismissing the claim on Mutual’s policy.

Discussion

La. R.S. 9:3550 governs the financing of insurance premiums. Section G of this statute concerning cancellation for nonpayment provides, in part,[1] as follows:
G. Insurance contracts may be canceled upon default as follows:
(1) When a premium finance agreement contains a power of attorney enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be canceled by the insurance premium finance company unless such cancellation is effectuated in accordance with this Subsection.
(2) Upon default of insurance premium contract by the debtor, the premium finance company may mail a notice of cancellation to the insured, at his last known address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the related insurance contract whose name and place of business appears on the premium finance agreement. * * *
(3)(a) Ten days after notice of cancellation has been mailed to the insured, or fourteen days when notice is mailed from outside of this 13state, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer, by depositing in the mail or with a private carrier within five business days after the date of cancellation, except when the payment has been returned uncollected, a copy of the notice of cancellation together with a statement certifying that:
(i) The premium finance agreement contains a valid power of attorney as provided in Paragraph (1) of this Subsection.
(ii) The premium finance agreement is in default and the default has not been timely cured.
(in) Upon default, a notice of cancellation was mailed to the insured as provided in Paragraph (2) of this Subsection, specifying the date of mailing by the premium finance company to the insured.
(iv) Copies of the notice of cancellation were mailed to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, mortgagees, or third parties to whom the insurance premium finance company has sent notice of cancellation.
(b) Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall consider that cancellation of the insurance contract or contracts has been requested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:637. * * *
Emphasis added.
Safeway and Bruce argue that Direct failed to mail to Mutual a copy of the May *732 16 notice of cancellation after the expiration of the fourteen-day notice period to Smith. Mutual asserts that the trial court correctly found that Direct’s request to Mutual for cancellation and the supporting statement met the requirements of the statute.
For a premium finance company to effectively cancel an insurance policy on default of payment, the premium finance company must proceed in accordance with the procedures outlined in La. R.S. 9:3550. Summerville v. Sovereign Fire & Casualty Insurance Co., 587 So.2d 715 (La.App. 2d Cir.1991). Louisiana courts require strict adherence to these statutory requirements when a finance company exercises its power of attorney to cancel an insurance policy. Delatte v. Lemotte, 633 So.2d 686 (La.App. 1st Cir.1993), citing Hodges v. Colonial Lloyd’s Insurance, 546 So.2d 898 (La.App. 1st Cir.1989) and Britten v. Reavis, 503 So.2d 1149 (La.App. 3rd Cir.), writ denied, 506 So.2d 1232 (La.1987).
Section (G)(3)(a) of the statute provides, in pertinent part, that “the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer ... a copy of the notice of cancellation ...” In this case, Direct mailed to Mutual on June 1 a request for cancellation, but we see no evidence in the record before us that Direct sent Mutual a copy of the May 16 notice of cancellation sent to Smith.
Mutual argues that it received notice that the May 16 notice of cancellation had been mailed to Smith and that that notification in the form of Direct’s certification was sufficient to satisfy the requirements of the statute without receiving a copy of the actual notice sent to Smith. We disagree. Mutual and Direct are required to strictly follow all requirements of the statute which clearly requires receipt of a copy of the actual notice sent to Smith. While the statute also requires that the statement made by the premium finance company certifies that a notice of cancellation was mailed, this additional certification does not alleviate the requirement that an actual copy of the notice be sent to the insurer. At the time of Mutual’s receipt of the documentation from Direct concerning Smith’s default, the policy of insurance had been paid for the entire six-month period. There was no financial risk of non-payment of the premium resting upon Mutual which was only required to insist that Direct, the agent of the insured, demonstrate the |fistatutory evidence of notification to the insured. Without such compliance, neither Direct nor Mutual could have the policy canceled.
. Conclusion
Given the strict adherence to the statutory requirements which is demanded in these circumstances, we hold that because Mutual did not receive a copy of the May 16 notice of cancellation, the cancellation of the insurance policy was ineffective. The judgment of the trial court granting Mutual’s motion for summary judgment is reversed and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to appellee, Mutual Service Casualty Insurance Company.
REVERSED AND REMANDED.

. This is the current version of the statute. The statute has twice been amended since the occurrence of the accident, see Acts 1995, No. 1184, § 2 and Acts 1997, No. 237, § 1, but the amendments do not change the result.